IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Christopher Dale Stepp, #300260, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 8:09-522-SB |
| Leroy Cartledge, Warden of McCormick Correctional Institution, | ) |
| Respondent. | ) **ORDER** |



This matter is before the Court upon the Petitioner's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By local rule, the matter was referred to a United States Magistrate Judge for preliminary determinations. On December 3, 2009, the Magistrate Judge issued a report and recommendation ("R&R"), analyzing the issues and recommending that the Court grant the Respondent's motion for summary judgment and dismiss the Petitioner's § 2254 petition with prejudice. Attached to the R&R was a notice advising the parties of the right to file specific, written objections to the R&R within 10 days of the date of service of the R&R. On December 23, 2009, the Petitioner filed objections to the R&R.

## BACKGROUND

The Petitioner is incarcerated at the McCormick Correctional Institution. In December of 2001, he was indicted for possession with intent to distribute marijuana, third offense, and then in August of 2003, he was indicted for trafficking methamphetamine, third offense, and possession of a weapon during the commission of a violent crime.

According to the record, the Petitioner was a passenger in a car stopped by a

Mauldin Police Officer for speeding and because it matched the description of "be on the lookout" or "BOLO" notice issued by the Greenville Sheriff's Department in connection with a possible kidnapping of a young woman: a brown station wagon with a North Carolina tag with four occupants described as three males and one female. Three other people were riding in the car with the Petitioner, two men and a young woman. Although the car had not been involved in the kidnapping, a search of the vehicle uncovered guns and drugs.

Attorney C. Timothy Sullivan represented the Petitioner on these charges, and the matter went to trial on March 3-4, 2004, before the Honorable Larry R. Patterson. The jury convicted the Petitioner as charged, and Judge Patterson sentenced him to twenty-seven (27) years for the trafficking charge; five (5) years concurrent for the weapons charge; and one (1) year concurrent for the possession charge. The Petitioner timely filed a direct appeal.

On appeal, attorney J. Falkner Wilkes represented the Petitioner, and on March 29, 2005, Wilkes filed a brief with the South Carolina Court of Appeals, raising the following issues:

1. Did the extensive detention and subsequent search of the vehicle amount to an unreasonable search and seizure?
2. Does the evidence require suppression as fruits of unlawful search?
3. Is there sufficient evidence to support a finding of dominion and control over drugs that were locked in the trunk in a container?

On December 6, 2005, the South Carolina Court of Appeals affirmed the Petitioner's convictions in an unpublished opinion, finding that the first two issues were not preserved for appeal and that the third issue was abandoned. The Petitioner did not seek review in the South Carolina Supreme Court, and the Court of Appeals issued the remittitur on December 22, 2005.

2

On July 14, 2006, the Petitioner filed an application for post-conviction relief ("PCR"), raising the following grounds for relief:

1. Ineffective assistance of trial counsel
2. State's improper and erroneous identification by SSN and SCCID & FBI#

Attorney Wilkes represented the Petitioner in his PCR action, and on December 13, 2006, the Honorable Edward W. Miller held an evidentiary hearing. On December 27, 2006, Judge Miller issued a written order denying relief. The Petitioner appealed Judge Miller's order.

On July 16, 2007, the Petitioner filed a petition for a writ of certiorari in the South Carolina Supreme Court, raising the following issues:

1. Was trial counsel ineffective for failing to object to use of evidence obtained through unreasonable search and seizure?

2. Was trial counsel ineffective for failing to move in limine for a ruling on the proper application of Rule 609 in this case?

3. Did the failure of trial counsel to move for a Rule 609 ruling undermine the Applicant's decision to waive his right to testify?

The South Carolina Supreme Court denied the petition on September 17, 2008, and issued the remittitur on October 6, 2008.

On March 4, 2009, the Petitioner filed the present § 2254 petition, raising the following grounds for relief:

**Ground One:** Ineffective Assistance of Trial Counsel for Failing to Object and Preserve issue for Appeal.
**Supporting Facts:** Trial counsel failed to object and properly preserve issue relating to Evidence obtained from illegal search of vehicle – as S.C. Court of Appeals found Trial Counsel ineffective therein. The PCR Court erroneously denied relief, and the S.C. Supreme Court issued a summary Denial on this issue.

3

> **Ground Two:** Ineffective Assistance of Trial Counsel for Failing to seek a Ruling on the use of Impeachment Evidence.
> **Supporting Facts:** Trial Counsel admitted to not seeking a ruling as to the use of my Prior Convictions, for Impeachment purposes, by the State at my trial.

On August 21, 2009, the Respondent filed a motion for summary judgment, and the Petitioner filed a response on September 30, 2009. On December 3, 2009, the Magistrate Judge issued an R&R, recommending that the Court grant the Respondent's motion for summary judgment. The Petitioner timely filed objections to the R&R, and the matter is ripe for review.

## STANDARD OF REVIEW

### I. Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "there is no genuine issue as to any material fact." The Court is not to weigh the evidence, but is to determine whether there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249 (1986). If no material dispute exists, summary judgment should be granted against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Const., Inc. 915 F.2d 121, 123-24 (4th Cir. 1990).



### II. The Magistrate Judge's R&R

This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in

part, the recommendations outlined by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(B). Any written objection must specifically identify the portion of the R&R to which the objection is made and give the basis for the objection. Id.

## DISCUSSION

### I. Federal Habeas Corpus Relief

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief may be awarded only if (1) the state court adjudication of the claim on its merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. 362, 404-05 (2000). A state court's decision is "contrary to" clearly established federal law only if it is "substantially different" from the relevant Supreme Court precedent whereas it is "an unreasonable application of" clearly established federal law only if it is "objectively unreasonable." Id. at 405, 409. Additionally, "a determination of a factual issue made by a State court shall be presumed to be correct," unless the petitioner can prove otherwise by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### II. Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court held that a

5

meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. Strickland, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Fields v. Attorney General of Maryland, 956 F.2d 1290, 1297-99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694-95.

### III. The Magistrate Judge's R&R and the Petitioner's Objections

#### A. Ground One

In Ground One, the Petitioner asserts that his trial counsel was ineffective for failing to object to the evidence obtained from the search of the vehicle and for failing to preserve the issue for appeal. In fact, the Petitioner asserts that the Court of Appeals found his trial counsel ineffective by finding that the issue was procedurally defaulted on direct appeal.

6

In the R&R, the Magistrate Judge noted that the Court of Appeals (on direct appeal) did not address whether the Petitioner's trial counsel was ineffective because that is not a proper issue for direct appeal. Next, the Magistrate Judge outlined the Petitioner's PCR proceedings, during which the Petitioner did raise this issue. As the Magistrate Judge noted, the PCR court found that trial counsel's failure to preserve the issue of the search did not prejudice the Petitioner because the officer noticed several things in plain view, including a long gun as well as an empty gun holster next to the Petitioner's seat, that necessitated the search. The officer testified that the gun holster gave him reason to search under the Petitioner's seat, where he found a loaded handgun. And after the Petitioner was arrested for the handgun, officers found marijuana and methamphetamine on his person and methamphetamine and a scale near the long gun in the back of the car.

After review, the Magistrate Judge determined that the PCR court's decision on this issue was not contrary to, nor an unreasonable application of, clearly established federal law. In addition, the Magistrate Judge determined that the PCR court's decision was not based on an unreasonable determination of facts in light of the state court record. Accordingly, the Magistrate Judge recommended granting summary judgment on this issue.

In his objections to the R&R, the Petitioner asserts that the Magistrate Judge inappropriately sifted through the facts to resolve the case. In essence, he asserts that a genuine issue of material fact exists.

After a thorough review of the record, the Court finds the Petitioner's objection to be without merit. In addition, the Court agrees with the Magistrate Judge that the PCR court's decision (finding that the Petitioner failed to demonstrate the prejudice prong with

7

respect to his claim that his trial counsel was ineffective for failure to preserve the search issue for appeal) was not contrary to, nor an unreasonable application of, clearly established federal law. The Court also agrees that the PCR court's decision was not based on an unreasonable determination of facts.

### B.  Ground Two

In ground two, the Petitioner asserts that his trial counsel was ineffective for failing to request that the trial judge allow his prior drug convictions to referred to as "felonies" and not specific drug convictions. The Petitioner asserts that the prior information on his record prevented him from testifying.

In the R&R, the Magistrate Judge outlined the PCR court's findings on this issue. As the Magistrate Judge noted, the PCR court found that the Petitioner's testimony was not credible and that his trial counsel's testimony was credible.[1] The PCR court also found it "purely speculative that the trial judge would have simply referred to these convictions as 'felony convictions' if the [Petitioner] had decided to testify." (Entry 19-1 at 10.) Ultimately, the PCR court found that the Petitioner failed to meet his burden of proving that his trial counsel's performance was deficient. The Magistrate Judge agreed with the PCR court and found that the PCR court's decision was not contrary to, nor an unreasonable application of, clearly established federal law. Also, the Magistrate Judge found that the PCR court's decision was not based upon an unreasonable determination of facts in light of the state court record.

---

[1] At the PCR hearing, the Petitioner testified that he only had two prior marijuana convictions and no methamphetamine convictions at the time of trial. The PCR court found the Petitioner's testimony incredible because the solicitor's reading of the Petitioner's record at his sentencing directly contradicted his testimony.

8

In his objections, the Petitioner again asserts that the Magistrate Judge made an improper credibility assessment and claims that his prior record preventing him from testifying. Here again, after a comprehensive review, the Court finds the Petitioner's objection to be without merit. Furthermore, the Court agrees with the Magistrate Judge that the PCR court's decision (finding that the Petitioner failed to demonstrate that his trial counsel's performance was deficient) was not contrary to, nor an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of facts in light of the state court record.

## **CONCLUSION**

Based on the foregoing, the Court hereby adopts the Magistrate Judge's R&R (Entry 23) in full, and it is hereby

**ORDERED** that the Petitioner's objections (Entry 25) are overruled, and the Respondent's motion for summary judgment (Entry 18) is granted.[2]

**AND IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

January 19, 2010
Charleston, South Carolina

---

[2] Because the Court does not find that the Petitioner has made a substantial showing of the denial of a constitutional right, the Court denies a certificate of appealability. See Rule 11(a) of the Rules Governing § 2254 Cases In the United States District Courts; 28 U.S.C. § 2253(c)(2).

9